IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 03724 |
| | ) | |
| vs. | ) | |
| | ) | |
| Ronald Hamilton, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, plaintiff's motion [46] for summary judgment is granted. See separate judgment.

## STATEMENT-OPINION

Plaintiff, United States of America, brings this action against defendants, Ronald Hamilton, Mary Hamilton, and CitiMortgage, Inc. ("CitiMortgage") to collect unpaid federal income tax liabilities, including statutory additions and costs and to enforce federal tax liens on real property owned by the Hamiltons. The court has subject matter jurisdiction under 28 U.S.C. § 1340. Plaintiff moves [46] for summary judgment. Plaintiff and CitiMortgage have stipulated [49] as to the priority of their respective liens in the event plaintiff prevails in this matter and proceeds to judicial sale of certain real property owned by the Hamiltons.

The Hamiltons have not complied with the requirements of LR56.1(b)(3) which requires parties opposing summary judgment to file a response to the statement of material facts filed by the moving party pursuant to LR56.1(a)(3). Therefore, the facts presented in plaintiff's LR56.1(a)(3) statement are deemed admitted pursuant to LR56.1(c).[1]

Delegates of the Secretary of the Treasury made assessments of federal income taxes, penalties and interest against Ronald Hamilton for tax years 2003, 2004, 2005, 2006, 2008, 2009,

---

[1] Plaintiff incorporated its LR56.1(a)(3) statement of facts into the document [47] titled "Plaintiff United States of America's Memorandum in Support of Its Motion for Summary Judgment." While the preferred practice is to file the LR56.1(a)(3) statement as a separate document, the statement of facts as presented contained citations to the exhibits filed in support of summary judgment and was obvious enough that the Hamiltons should have been aware they were required to respond to the statement by LR56.1(b)(3).

2010.  The total balance due from Ronald Hamilton as of November 10, 2016 for taxes, penalties, and interest assessed for these tax years is $65,908.06.  Each of these assessments was made pursuant to a statutory notice of deficiency (26 U.S.C. §§ 6211-6213) based upon no valid return having been filed by Ronald Hamilton, coupled with returns prepared by the IRS under Internal Revenue Code § 6020(b).  Delegates of the Secretary of the Treasury properly gave notice of the above tax assessments and made demand for payment of the assessed liabilities upon Ronald Hamilton.  Despite such notice and demand, Ronald Hamilton has neglected, failed, or refused to pay the assessed liabilities in full.  After application of all abatements, payments, and credits, Ronald Hamilton remains indebted to the United States for income taxes, penalties, and interest for the aforementioned tax years in the total amount of $65,908.06 as of November 10, 2016, plus such additional amounts as may accrue from and after that date as provided by law.  Ronald Hamilton, along with his wife, Mary Hamilton, own certain real property commonly known as 454 N. Edward St., Cortland, Illinois.  CitiMortgage claims an interest in this real property by virtue of a mortgage dated February 24, 2004 and recorded March 3, 2004.[2] The Hamiltons do not dispute any of these facts and, thus, they are deemed admitted. LR56.1©.

The facts set forth above establish Ronald Hamilton's liability for the amount claimed. Federal tax liens arise upon assessment and attach to all property of the delinquent taxpayer. 26 U.S.C. §§ 6321 & 6322.  Thus, federal tax liens attached to Ronald Hamilton's interest in the Cortland real property upon assessment of the taxes set forth above.  Plaintiff is entitled to enforce these tax liens by judicial sale of the real property. 26 U.S.C. § 7403.

The only argument raised by the Hamiltons in their opposition to summary judgment is that plaintiff's motion is premature because plaintiff has admitted it will be reallocating payments that were allocated to Ronald Hamilton's 2001 and 2002 assessed liabilities after the expiration of the statute of limitations for collection of amounts due for those years.  They argue that the amount actually due is therefore unknown at this time and may be zero.

Summary judgment is often called "the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case.  And, by evidence, we mean evidence on which a reasonable jury could rely."  Goodman v. Nat'l Security Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010)  (citations omitted).  The Hamiltons have not presented any such evidence.  They have not submitted evidence of payments made.  While they state in their brief that plaintiff "has been garnishing Ronald Hamilton's social security and retirement pension for years and in all likelihood allocated those paid sums primarily to the very tax years that are statutorily barred from collection," they do not present any evidence as to the amounts that were garnished or the

---

[2]  The complaint also sought to collect for unpaid taxes assessed for tax years 2001 and 2002.  However, the motion for summary judgment does not seek to collect amounts owed attributable to these years and plaintiff states in its brief that it is abandoning any claim for these tax years because the statute of limitations has run as to claims for those tax years.

period of time over which the garnishments occurred, or the allocation of the amounts recovered via the garnishments.

While the declaration of Breena Effertz, submitted by plaintiff, states the "IRS anticipates reallocating payments that were applied to Ronald Hamilton's 2001 and 2002 assessed liabilities after expiration of the collection statute of limitations date" to the liabilities set forth above, the Hamiltons have not submitted any evidence or authority that the plaintiff is compelled to reallocate any of the payments (assuming they were made) to the amounts sought in this action. When a payment on delinquent taxes is not voluntarily made by the taxpayer, the IRS may allocate the payment as it sees fit. <u>Muntwyler v. U.S.</u>, 703 F.2d 1030, 1032 (7th Cir. 1983). The Hamiltons say in their brief that the payments were made via garnishment of Ronald Hamilton's social security and pension benefits. Thus, any such payment would have been involuntary. <u>Id.</u> The Hamiltons have not offered any "evidence on which a reasonable jury could rely" to find in their favor. <u>Goodman</u>, 621 F.3d at 654.

For the foregoing reasons, plaintiff's motion [46] for summary judgment is granted. See separate judgment.

Date: 01/13/2017                                ENTER:


_____
United States District Court


Electronic Notices. (LC)

3